# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SHELIA LEONARD, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| SHEYTOPHIA CUNHA, | § | |
| RANDOLPH L. LEONARD, II, AND | § | |
| ANTOAN LEONARD, | § | |
| | § | |
| *Intervenors*, | § | |
| | § | |
| v. | § | Civil Action No. H-20-1773 |
| | § | |
| TEJAS MATERIALS, INC., | § | |
| GERSON EDGARTO LEIVA ORELLANA, | § | |
| AURORA MARTINEZ d/b/a | § | |
| URBINA'S TRUCKING, AND | § | |
| OSCAR A. BOJORQUEZ | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM AND ORDER

Pending before the court is intervening plaintiffs Sheytophia Cunha and Randolph L. Leonard, II's ("Intervenors") motion to remand.[1] Dkt. 2. Defendant Tejas Materials, Inc. ("Tejas") responded (Dkt. 3) and Intervenors replied (Dkt. 4). Having considered the motion, response, reply, and applicable law, the Court is of the opinion that Intervenors' motion should be **GRANTED**.

### I. BACKGROUND

On February 14, 2019, a truck, carrying goods Tejas allegedly loaded and entrusted to its co-defendants, collided with Randolph Leonard's motorcycle. Dkt. 1-1 at 17-18. Randolph suffered fatal injuries in the accident. *Id.* at 17.

On April 22, 2019, Shelia Leonard, Randolph's wife, sued Defendants, including Tejas, in

---

[1] Plaintiff Shelia Leonard joins in Intervenors' motion, too. Dkt. 5.

the 269th Judicial District Court of Harris County, Texas for the wrongful death of her husband. *Id.* at 15-21. Intervenors, Randolph's children, filed their plea of intervention in the state court on May 21, 2019. *Id.* at 24. Antoan Leonard (collectively with Shelia and Intervenors, "Plaintiffs"), another surviving son of Randolph, also intervened in the state court action on July 15, 2019. *Id.* at 39. All three pleadings alleged Tejas negligently entrusted its co-defendants with the trailer and load. *Id.* at 17-18, 29, 46-48.

On April 27, 2020, Plaintiffs each filed amended pleadings in anticipation of a trial setting on June 1, 2020. *Id.* at 94, 107, 116, 129. All three amended pleadings alleged virtually identical facts as their original counterparts, but converted their negligent entrustment theory against Tejas into a different cause of action—negligent selection. *Id.* at 103-04, 110-111, 121.

Tejas subsequently removed to this court on May 21, 2020. *See* Dkt. 1. Tejas asserts that Plaintiffs' negligent selection claims implicate section 14501(c)(1) of the Federal Aviation Administration Act (the "Act"), thus vesting this court with federal question jurisdiction. *Id.* at 2. Intervenors moved to remand on June 5, 2020. Dkt. 2.

## II. LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1). However if the case is not initially removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become

2

removable." 28 U.S.C. § 1446(b)(3). The removing party "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). "[A]ny doubt as to the propriety of removal should be resolved in favor of remand." *Guiterrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

### III. ANALYSIS

Tejas argues that removal is proper because the Act completely preempts Plaintiffs' claims, thus presenting a federal question within this court's jurisdiction. *See generally* Dkt. 3. It is true that removal is permitted when a federal statute completely preempts state law claims. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). And the Act does include a very broad preemption provision:. *See* 49 U.S.C. § 14501(c)(1) ("[A] State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . or any private motor carrier, broker, or freight forwarder with respect to the transportation of property.").

However, Tejas does not explain why the Act completely preempts Plaintiffs' negligent selection claims, but was not applicable to their original negligent entrustment. This is because it cannot, and Tejas's own precedent confirms this.

In *Gillum v. High Standard, LLC*, an injured motorist brought a negligent selection claim against a freight broker under "negligent hiring, retention, *entrustment*, and/or agency" theories. *Gillum*, No. 19-CV-1378, 2020 WL 444371, at *1 (W.D. Tex. Jan. 27, 2020) (emphasis added). The *Gillum* court held that removal was appropriate because the Act did completely preempt the motorist's claims. *Id.* at *6.

Assuming without deciding the Act completely preempt Plaintiffs' claims here, it would have

3

equal force when applied to either the original entrustment claims or the amended negligent selection claims. Therefore, removal would have been appropriate within 30 days of receiving Shelia's original petition. *See* 28 U.S.C. § 1446(b)(1). Because Tejas did not remove the case until more than one year after receiving the original petition, the notice of removal is untimely.

### IV. CONCLUSION

For the reasons stated above, Intervenors' motion to remand (Dkt. 2) is **GRANTED**. This matter is **REMANDED** to the 269th Judicial District Court of Harris County.

Signed in Houston, Texas on July 24, 2020.

_____
Gray H. Miller
Senior United States District Judge